IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| GARY PAYNE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED AUTO CREDIT CORPORATION, )<br>)<br>Defendant. )<br>) | CIV. ACTION NO. 3:16-941-MBS |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, defendant United Auto Credit Corporation ("UACC"), appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure and all defenses under the federal laws of bankruptcy, and the right to demand arbitration pursuant to contractual agreements and the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*, files this Notice of Removal of this action from the Court of Common Pleas of the Fifth Judicial Circuit in Richland County, South Carolina, where it was originally filed, to the United States District Court for the District of South Carolina, Columbia Division. As grounds for the removal of this action, UACC states as follows:

### I. INTRODUCTION

1.     On or about February 23, 2016, Plaintiff Gary Payne ("Plaintiff") commenced this civil action against UACC by filing a Complaint in the Court of Common Pleas of the Fifth Judicial Circuit in Richland County, South Carolina, styled *Gary Payne v. United Auto Credit Corporation*, No. 2016-CP-40-1135. (*See* Compl., attached as **Exhibit A** hereto.)

26948804 v1

2. UACC was served with Plaintiff's Complaint on February 25, 2016.

3. In his Complaint, Plaintiff alleges that UACC called his cellular telephone "repeatedly" in an attempt to collect a debt from him. Plaintiff alleges that these phone calls violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.* (*See* Compl., ¶¶ 1-38.) Plaintiff also alleges that UACC violated S.C. Code § 37-5-108 in its alleged attempts to collect a debt from him. (*See id.*, ¶¶ 39-43.)

## II. FEDERAL QUESTION JURISDICTION

4. This case is properly removable, pursuant to 28 U.S.C. § 1441(a), which provides in pertinent part as follows:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

5. 28 U.S.C. § 1331 provides that this Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Removal jurisdiction based upon a federal question exists when a federal question is presented on the face of a plaintiff's complaint. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

6. Plaintiff's Complaint, which alleges that UACC violated the TCPA, asserts a claim arising under the Constitution, laws or treaties of the United States.

7. Because Plaintiff has asserted a claim arising under, and for alleged violations of, federal law, this Court has federal question jurisdiction over Plaintiff's claim, pursuant to 28 U.S.C. §§ 1331 and 1441(a).

## III. SUPPLEMENTAL JURISDICTION

8. This Court has supplemental jurisdiction over the state law claim Plaintiff brings

against UACC, because this claim forms part of the same case or controversy as Plaintiff's federal law claim. The supplemental jurisdiction statute, 28 U.S.C. § 1367(a), provides in pertinent part as follows:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

9. In the instant case, Plaintiff's state law claim is related to the same activity that forms the basis for Plaintiff's federal claim, namely, UACC's alleged attempts to collect a debt from Plaintiff. Thus, Plaintiff's state law claim in this case is "so related to claims in the action within [this Court's] original jurisdiction" that it forms part of the same case or controversy and, as such, falls squarely within this Court's supplemental jurisdiction as provided under 28 U.S.C. § 1367(a).

10. Moreover, this Court should exercise supplemental jurisdiction over Plaintiff's state law claim in this action to avoid an unnecessary duplication of judicial resources. *See, e.g.*, *Bishop v. Cty. of Macon*, 620 F. App'x 148, 150 (4th Cir. 2015) (recognizing that judicial economy is a consideration in whether to exercise supplemental jurisdiction).

11. In the instant case, Plaintiff's state law claim arises from the same transaction or occurrence and does not raise novel or complex issues of state law or predominate over Plaintiff's federal claim. Therefore, this Court should exercise jurisdiction over all claims asserted in Plaintiff's Complaint.

## IV. ADOPTION AND RESERVATION OF DEFENSES

12. Nothing in this notice of removal shall be interpreted as a waiver or relinquishment of any of UACC's rights to assert any defense or affirmative matter, including,

but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) improper joinder of claims; (4) improper joinder of parties; (5) failure to state a claim; (6) the mandatory arbitrability of some or all of the claims; (7) failure to join indispensable parties; or (8) any other pertinent defense available under S.C. or Fed. R. Civ. P. 12, any state or federal statute, or otherwise.

## V. PROCEDURAL REQUIREMENTS

13. This case is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

14. This removal is timely under 28 U.S.C. § 1446, as it is being filed within 30 days of the date on which UACC was served with the Complaint.

15. True, correct, and certified copies of "all process, pleadings, and orders" filed to date are attached hereto as **Exhibit A** in conformity with 28 U.S.C. § 1446(a).

16. UACC has heretofore sought no similar relief.

17. The United States District Court for the District of South Carolina, Columbia Division is the District and Division embracing the place where this action is pending in state court.

18. UACC reserves the right to supplement its Notice of Removal by adding any jurisdictional defenses which may independently support a basis for removal.

19. Contemporaneously with the filing of this Notice of Removal, UACC has filed a copy of the same, along with a Notice of Filing Notice of Removal, with the clerk of the Court of Common Pleas of the Fifth Judicial Circuit in Richland County, South Carolina. Written notice of the filing of this Notice of Removal has also been served upon Plaintiff.

**WHEREFORE**, UACC prays that the Court will take jurisdiction of this action and issue

all necessary orders and process to remove this action from the Court of Common Pleas of the Fifth Judicial Circuit in Richland County, South Carolina, to the United States District Court for the District of South Carolina, Columbia Division.

    This the 24th day of March, 2016.

Respectfully submitted,

*/s/ Richard C. Keller*
Richard C. Keller (SC Bar No. 258698)

**BURR & FORMAN LLP**
420 North 20th Street, Suite 3400
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
rkeller@burr.com

Attorney for Defendant
UNITED AUTO CREDIT CORPORATION

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing NOTICE OF REMOVAL has been served on the following by Federal Express Overnight Mail and/or email, on this the 24th day of March, 2016:

Dave Maxfield
5217 N. Trenholm Road, Suite B
Columbia, South Carolina 29206


/s/ Richard C. Keller
OF COUNSEL