# Exhibit A

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF RICHLAND | FIFTH JUDICIAL CIRCUIT |
| Gary Payne,<br>                    Plaintiff,<br>vs.<br>United Auto Credit Corporation,<br>                    Defendant. | Case No.<br><br>SUMMONS |

TO:   THE DEFENDANT ABOVE NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is hereby served upon you and to serve a copy of your Answer to the said Complaint on the subscriber, David A. Maxfield, Esquire, at his office at 5217 N. Trenholm Rd., Ste. B, Columbia, South Carolina 29206, within thirty (30) days after service hereof, exclusive of the date of such service; and if you fail to answer the Complaint within the time aforesaid, the Plaintiff in this action will apply to the court for the relief demanded in the Complaint. If you fail to appear and defend, judgment by default will be rendered against you for the relief demanded in the Complaint.

By: _____
David A. Maxfield, Esquire
DAVE MAXFIELD, ATTORNEY, LLC
5217 N. Trenholm Rd., Ste. B
Columbia, South Carolina 29206
(803) 509-6800

DATED: February 23, 2016
Columbia, South Carolina

STATE OF SOUTH CAROLINA     IN THE COURT OF COMMON PLEAS

COUNTY OF RICHLAND          FIFTH JUDICIAL CIRCUIT

Gary Payne,

             Plaintiff(s),

vs.

United Auto Credit Corporation,

             Defendant(s).

C/A #

**COMPLAINT**

(Jury Trial Requested)

2016 FEB 23 AM 11: 27
JEANNETTE W. MCBRIDE
C.C.P. & G.S.
RICHLAND CO.
FILED

Plaintiff, complaining of the Defendant(s) above-named, would show this Court as follows:

### JURISDICTION

1. The State of Residence of Plaintiff is the State of South Carolina.

2. The Defendant United Auto Credit Corporation (UAC) is a corporation with its principal place of business, "nerve center" and headquarters in the State of California.

3. Defendant UAC conducts busines in the State of South Carolina and the acts complained of herein concern debt collection communications made to a resident of South Carolina.

4. This Court has jurisdiction over the parties and subject matter of this action.

5. Venue is proper based upon the non-residence of the Defendant in South Carolina.

### FACTUAL ALLEGATIONS

6. UAC is a used vehicle finance company primarily focusing on the sale, lease and financing of used vehicles to the subprime market.

7. Plaintiff previously financed a 2007 Jeep Commander vehicle with UAC.

8. Defendant thereafter alleged that Plaintiff was delinquent on the above debt.

9. Defendant uses the outbound telephone number 910-225-5588 to contact consumers.

10. Defendant uses the outbound telephone number 910-225-5589 to contact consumers.

11. Defendant uses the outbound telephone number 910-225-5657 to contact consumers.

12. Each of the above numbers is "spoofed" to appear that the calls are originating from North Carolina when they are placed from another location.

13. In or around 2015, to collect a debt from Plaintiff, Defendant contacted Plaintiff on his cell phone repeatedly.

14. In an attempt to contact Plaintiff, besides contacting or attempting to call Plaintiff directly, Defendant contacted at least two third parties, revealing to both that Plaintiff owed an allegedly delinquent debt to Defendant.

15. In its communications, Defendant contacted Plaintiff multiple times in the same day.

16. In its communications, Defendant left multiple pre-recorded messages for Plaintiff.

17. In its communications, Defendant implied there was a pending "investigation" against Plaintiff.

18. Defendant further referred to Plaintiff's loan as a "case."

19. Defendant further referred to Plaintiff's account as a "case file."

20. Defendant further stated and/or implied there was a "case against" Plaintiff.

21. Defendant represented or implied that Plaintiff was "required" to surrender the vehicle.

22. Defendant represented or implied that Plaintiff was "required" to contact UAC.

23. Defendant represented that a "final assessment" had been made against Plaintiff.
24. Defendant further represented or implied that it would "proceed" against Plaintiff.
25. That Plaintiff had a limited amount of time to return Defendant's call and would face unspecified "consequences" for failing to comply.
26. Over a period of months, Defendant's automated dialer contacted Plaintiff frequently. Often multiple calls were placed in the same day or within a few days of one another.
27. Plaintiff has received dozens and dozens of such calls on his cellular phone.
28. Defendant's conduct violates state and federal law, including but not limited to the Telephone Consumer Protection Act.
29. As a direct and proximate result of the Defendant's illegal acts, Plaintiff has been damaged.

## FOR A FIRST CAUSE OF ACTION
### (Violations of TCPA)

30. The allegations contained hereinabove are repeated as if fully alleged herein verbatim, to the extent not inconsistent with this cause of action.
31. Defendant's telephonic activities are governed by the Telephone Consumer Protection Act, 47 USC 227; 47 CFR 64.1200.
32. Plaintiff never provided Defendant with prior expres consent to contact his cell phone.
33. Plaintiff is informed that Defendant thereafter continued to contact Plaintiff on his cellular telephone, using an automated telephone dialing system.
34. Defendant placed calls using a pre-recorded message, with no permissible purpose.
35. Plaintiff advised Defendant he did not wish to be called on his cell phone,

and that the Defendant had the wrong number, to no avail.

36. Plaintiff is informed and believes that Defendant committed the above violations multiple times, and that said violations were willful.

37. Plaintiff is informed and believes that he is entitled to recover $1,500.00 per violation, plus such other damages, penalties, attorney's fees and costs as allowed by law.

38. Plaintiff is further entitled to, and requests, injunctive relief requiring Defendant to cease and desist any further calling activity, and to award a penalty in the amount of $1,500.00 per such violation, plus fees, costs, and such other relief as is just and proper.

## FOR A SECOND CAUSE OF ACTION
### (Violations of S.C. Code §37-5-108)

39. The allegations contained hereinabove are repeated as if fully alleged herein verbatim, to the extent not inconsistent with the allegations of this cause of action.

40. The transaction between the parties set forth above is a consumer transaction.

41. Upon information and belief, the Defendant engaged in unconscionable conduct in these particulars and such others to be proven at trial:

    a. communicated with the consumer and/or the consumer's family at frequent intervals;

    b. caused a telephone to ring repeatedly during a twenty-four hour period or engaged in telephone conversations with intent to annoy, abuse, and harass;

    c. threatened or implied it would use force or violence against the consumer, consumer's property, or members of the consumer's family;

    d. threatened or implied it had initiated criminal "investigation" and/or a

civil "case" against the consumer;

e. used fraudulent, deceptive, or misleading representations, including representations about the character, amount, or legal status of any debt.

f. Communicated with third parties and revealing to said parties it was attempting to collect an allegedly delinquent account from Plaintiff.

g. Such other violations as shown at trial.

42. As a direct and proximate result of the Defendant's wrongful acts, Plaintiff has suffered damages including severe emotional distress.

43. Judgment should be granted to Plaintiff for actual damages and such penalties and attorney fees as authorized by statute, and such other relief as is just and proper.

### PRAYER FOR RELIEF

WHEREFORE, the prayer of the Plaintiff is for judgment in an amount sufficient to compensate Plaintiff for statutory damages, such interest as is allowable by law, costs, attorney's fees, and such other relief as is just and proper.

DAVE MAXFIELD, ATTORNEY, LLC

By: _____
David A. Maxfield SC Bar No. 7163
5217 N. Trenholm Road, Suite B
Columbia, SC 29206
803-509-6800
dave@consumerlawsc.com

February 23, 2016

| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
|---|---|
| COUNTY OF RICHLAND | FIFTH JUDICIAL CIRCUIT |
| Gary Payne, | |
| Plaintiff, | Case No.2016-CP-40-1135 |
| Vs. | |
| | CERTIFICATE OF SERVICE |
| United Auto Credit Corporation, | |
| Defendant. | |

I, the undersigned employee of Dave Maxfield, Attorney, LLC do hereby swear and affirm that on the 23rd day of February, 2016, I served the foregoing **Summons & Complaint**, by sending a copy of same by U.S. Certified Mail, Restricted Delivery, Return Receipt Requested to the following:

United Auto Credit Corporation
c/o Corporation Service Company
1703 Laurel Street
Columbia, SC 29201

_____
Janel Bess

DATED: February 23, 2016
Columbia, South Carolina